# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WORTHAMS,<br><br>    Plaintiff(s),<br><br>v.<br><br>GEICO CHOICE INSURANCE COMPANY, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00023-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 54, 55, 59] |

Pending before the Court is a stipulation to stay discovery pending resolution of motions to dismiss filed by Defendants Lewis Brisbois and Lewis Roca. Docket No. 59; *see also* Docket Nos. 30, 32 (motions to dismiss). Applying the governing standards, *see, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013), the Court finds that a stay of discovery is appropriate with respect to Defendants Lewis Brisbois and Lewis Roca. Accordingly, the stipulation to stay discovery (Docket No. 59) is **GRANTED** in part with respect to Defendants Lewis Brisbois and Lewis Roca. The earlier motions to stay discovery filed by Defendants Lewis Brisbois and Lewis Roca (Docket Nos. 54, 55) are **DENIED** as moot.

The stipulation to stay discovery provides insufficient justification to stay discovery between Plaintiff and Defendant GEICO. First, the stipulation seeks a stay of discovery with respect to GEICO based on motions to dismiss filed by other defendants, *see* Docket No. 59 at 5,[1] but the case law has long been clear that discovery should not be stayed with respect to a defendant who has not itself filed a dispositive motion or joined in the dispositive motions filed by other defendants, *e.g.*, *White v. Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989). Second, the stipulation seeks a stay of discovery based on the potential that the case may be remanded to state

---

[1] Unlike the other defendants, GEICO filed an answer. Docket No. 29.

court, *see* Docket No. 59 at 6, but potential remand to state court does not warrant a stay of discovery because any discovery completed here would still be useful in the state court proceedings, *e.g.*, *Grammer v. Colo. Hosp. Ass'n Shared Servs., Inc.*, No. 2:14-cv-01701-RFB-VCF, 2015 WL 3938406, at *2 (D. Nev. June 26, 2015) (holding that a stay of discovery was unwarranted pending resolution of a motion to remand to state court because "[t]his action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision").[2] Third, the stipulation indicates that a stay is warranted so that discovery would not need to occur with respect to Lewis Brisbois and Lewis Roca if their motions to dismiss fail, *see* Docket No. 59 at 5, but it appears based on the preliminary peek that those motions to dismiss will be successful and, at any rate, the theoretical potential of some expense or inconvenience is insufficient to warrant a stay of discovery, *e.g.*, *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Accordingly, the stipulation to stay discovery (Docket No. 59) is **DENIED** in part with respect to Defendant GEICO.

  IT IS SO ORDERED.

  Dated: April 22, 2024

                _____
                Nancy J. Koppe
                United States Magistrate Judge

---

[2] Without elaboration, the stipulation references potential "duplicative" discovery in state court if the case is remanded, Docket No. 59 at 6, but no explanation has been provided as to why any discovery conducted in this Court would not be of value in the state court proceedings.