# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WORHAMS,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>GEICO CHOICE INSURNACE COMPANY, ET AL.,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-00023-RFB-NJK<br><br>**Order**<br><br>[Docket No. 75] |

Pending before the Court is the parties' proposed stipulation to continue discovery deadline dates. Docket No. 75.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.[1]

The stipulation seeks relief on the ground that "resolution of the parties' dispute as to the privilege of a set of documents Plaintiffs have requested merits extending the discovery deadline." Docket No. 75 at 3. However, the stipulation fails to explain why that circumstance justifies a six-month extension of deadlines. Additionally, the stipulation fails to comply with the local rules, fails to demonstrate diligence throughout the discovery period thus far, and fails to show good cause to extend all deadlines and excusable neglect to reopen certain deadlines.[2]

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

[2] No specific description of the discovery that remains to be completed was provided. *See* Local Rule 26-3(b).

Accordingly, the discovery plan is **DENIED** without prejudice. Docket No. 75. An amended stipulation that complies with the local rules and all relevant standards must be filed by September 17, 2024.

IT IS SO ORDERED.

Dated: September 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge