```
 1  JONATHAN W. CARLSON, ESQ.
    Nevada Bar No. 10536
 2  jcarlson@mbswc.com
    PAMELA L. MCGAHA, ESQ.
 3  Nevada Bar No. 8181
    pmcgaha@mbswc.com
 4  MANDY VOGEL, ESQ.
    Nevada Bar No. 16150
 5  mvogel@mbswc.com
    McCORMICK, BARSTOW, SHEPPARD,
 6  WAYTE & CARRUTH LLP
    8337 West Sunset Road, Suite 350
 7  Las Vegas, NV 89113
    Telephone:    (702) 949-1100
 8  Facsimile:    (702) 949-1101

 9  CARY B. LERMAN, ESQ.
    California Bar No. 54937 (admitted pro hac vice)
10  cary.lerman@mto.com
    MUNGER, TOLLES & OLSON LLP
11  350 South Grand Ave, 50th Floor
    Los Angeles, CA 90071
12  Telephone:    (213) 683-9100

13  J. MAX ROSEN, ESQ.
    California Bar No. 310789 (admitted pro hac vice)
14  max.rosen@mto.com
    MUNGER, TOLLES & OLSON LLP
15  560 Mission Street, 27th Floor
    San Francisco, CA 94105
16  Telephone:    (415) 512-4000

17  Attorneys for Defendant GEICO CHOICE
    INSURANCE COMPANY
18
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WORTHAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>GEICO CHOICE INSURANCE COMPANY, a foreign entity; LEWIS BRISBOIS BISGAARD & SMITH, LLP, a foreign limited liability partnership; LEWIS ROCA ROTHGERBER, CHRISTIE, LLP, a foreign limited liability partnership; DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>        Defendants. | CASE NO.    2:24-cv-23-RFB-NJK<br><br>**JOINT MOTION FOR A 30-DAY CONTINUANCE OF FACT DISCOVERY CUT-OFF TO FACILITATE FACT DEPOSITION SCHEDULING CONFLICTS (SECOND DISCOVERY EXTENSION REQUEST)** |

JOINT MOTION FOR A 30-DAY CONTINUANCE OF FACT DISCOVERY CUT-OFF TO FACILITATE FACT DEPOSITION SCHEDULING CONFLICTS (SECOND DISCOVERY EXTENSION REQUEST)
CASE NO. 2:24-cv-23-RFB-NJK

Defendant GEICO CHOICE INSURANCE COMPANY ("GEICO"), by and through its attorneys of record of the law firms McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP and MUNGER, TOLLES & OLSON LLP, and Plaintiff WILLIE WORTHAMS ("Plaintiff"), by and through his attorneys of record of the BOWEN LAW OFFICES, hereby jointly move to extend the discovery deadline for only thirty (30) days, to accommodate scheduling issues that have arisen with regard to fact depositions in this case.[1]  Specifically, the parties request a 30-day extension of the current deadline of December 30, 2024 for the close of discovery, and corresponding 30-day extensions of the dispositive motions deadline of February 12, 2025 and the joint pre-trial order deadline of March 17, 2025. In accordance with Local Rule 26-4, the parties state as follows:

I.  **DISCOVERY COMPLETED BY THE PARTIES:**

Plaintiff made his initial Rule 26 disclosures on April 5, 2024.  Plaintiff supplemented those disclosures with a first supplement on October 4, 2024 and a second supplement on November 15, 2024.  GEICO made its initial disclosures on April 17, 2024 and supplemented those disclosures with a first supplement on October 4, 2024 and a second supplement on November 15, 2024.

Plaintiff propounded a first set of request for production of documents on July 8, 2024.  GEICO's responses were served on August 14, 2024 per agreement of the parties.  GEICO propounded requests for production of documents, requests for admissions, and interrogatories on August 22, 2024.  Plaintiff responded to the requests for admissions on September 26, 2024, and to the interrogatories and requests for production of documents on October 15, 2024, per agreement of

---

[1] Plaintiff intends to separately request a further extension of the fact discovery deadline because the District Court has not yet resolved or scheduled a hearing on Plaintiff's motion for production of the joint defense file maintained by Lewis Brisbois and Lewis Roca, and because the privileges at issue in that motion also affect document discovery and what questions may or may not be objected to at depositions on the basis of privilege To be absolutely clear, however, that will be a distinct request from thus one.  The instant request is based on scheduling issues, and is narrowly tailored in scope to provide 30 more days for depositions.

JOINT MOTION FOR A 30-DAY CONTINUANCE OF FACT DISCOVERY CUT-OFF TO FACILITATE FACT DEPOSITION SCHEDULING CONFLICTS (SECOND DISCOVERY EXTENSION REQUEST)
CASE NO. 2:24-cv-23-RFB-NJK

the parties. GEICO supplemented its responses to requests for production of documents on November 4, 2024. Plaintiff propounded supplemental requests for production of documents to GEICO, which are due on or before December 20, 2024.

GEICO disclosed two experts on October 2, 2024: Ed McKinnon, Esq. and Michael Lowry, Esq. As noted below, The parties began scheduling depositions shortly after they responded to reciprocal document requests. However, the parties have faced challenges in serving and scheduling these depositions that merit a short discovery extension.

II.  **DISCOVERY WHICH REMAINS TO BE COMPLETED:**

GEICO scheduled the deposition of percipient witness Markeia Stamps for December 19, 2024.

On November 20, 2024, GEICO noticed Plaintiff's deposition for December 6, 2024. (Dec. of Jonathan Carlson, Esq., para. 2). However, on December 3, 2024, Plaintiff's counsel advised that Plaintiff was no longer able to take that day off from work due to exhausting his paid time-off due to the health of his infant child. (*Id.*) Plaintiff's counsel further advised that Plaintiff is unable to appear at any deposition in December, because Plaintiff's paid time off will restart on December 29, 2024. (*Id.*) Plaintiff is available to be deposed in January. Plaintiff's counsel represented that Plaintiff's employment is of vital importance to his compliance with his terms of parole. (*Id.*)[2]

On November 15, 16 (twice), and 17 GEICO attempted unsuccessfully to serve witness Jerome Konell, Esq. on November 15, 16 (twice), and 17. (Dec. of Jonathan Carlson, Esq., para. 3). GEICO was finally able to subpoena Mr. Konell, on November 21, 2024 for his deposition on December 12, 2024. Mr. Konell was personally served with the deposition subpoena in California where he resides and practices law. (*Id.*) However, Mr. Konell then notified the parties that he is not available on that date due to other obligations related to his legal practice in Los Angeles. (*Id.*)

---

[2] GEICO has reserved its right to take Mr. Worthams' deposition in December in the event that the Court denies this extension request and has offered to do so on a weekend date or evening.

JOINT MOTION FOR A 30-DAY CONTINUANCE OF FACT DISCOVERY CUT-OFF TO FACILITATE FACT DEPOSITION SCHEDULING CONFLICTS (SECOND DISCOVERY EXTENSION REQUEST)
CASE NO. 2:24-cv-23-RFB-NJK

He asked that the deposition be moved to December 16, 2024. (*Id.*) GEICO renoticed the deposition for that date, at which point Plaintiff's counsel alerted the parties that he is not available then. (*Id.*) Plaintiff's counsel proposed December 19, 2024, however, upon inquiry, Mr. Konell is unavailable then due to other obligations in his practice as a licensed attorney in California[3]. (*Id.*)  The parties are continuing to try and identify a date in December, but the parties believe there is mutual availability in January to take this deposition.

Finally, on December 2 and 3, Plaintiff noticed three additional depositions for Dec. 18, 20, and 27, for Michael Shirts, Esq., for out-of-state GEICO claims examiner, Chris Wilband, and for McCormick Barstow attorney, Wade Hansard, Esq., respectively.   Putting aside any objections,[4] GEICO is willing to produce Mr. Wilband without a subpoena provided the date, time, and location can be agreed upon, but the date Plaintiff proposes for Mr. Wilband's deposition, December 20, 2024, is not a date that GEICO's counsel is available. (Dec. of Jonathan Carlson, Esq., para. 4).

Additionally, GEICO has been trying to locate and serve Sherethea Everette for deposition since November 12, 2024. (Dec. of Jonathan Carlson, Esq., para. 5).  GEICO believes it has located Ms. Everette in Texas and tried serving her as recently as November 29, 2024 but the process server was unsuccessful.[5]  (Dec. of Jonathan Carlson, Esq., para. 5).  GEICO hopes to successfully serve Ms. Everette shortly, but challenges in finding out her location and how to serve her have created delays.

---

[3] GEICO has reserved its right to take Mr. Konell's deposition in December in the event that the Court denies this extension request and has offered to do so on a weekend date or evening.

[4] GEICO has objected to the validity of these notices as well as the propriety of deposing Mr. Shirts and Mr. Hansard for privilege ground—but the parties are not asking the court to review the propriety of any such objections, which hopefully they can resolve without court intervention.

[5] Plaintiff and Defendants reserve their right to timely object to any deposition on any relevant ground.  For purposes of this joint motion, the parties are just seeking to have a schedule that makes it practicable to schedule these depositions notwithstanding any objection.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP

4

JOINT MOTION FOR A 30-DAY CONTINUANCE OF FACT DISCOVERY CUT-OFF TO FACILITATE FACT DEPOSITION SCHEDULING CONFLICTS (SECOND DISCOVERY EXTENSION REQUEST)<br>CASE NO. 2:24-cv-23-RFB-NJK

III. **REASON WHY DISCOVERY WAS NOT SATISFIED OR COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY PLAN:**

The parties have been working diligently throughout the discovery process, including discovery efforts in terms of disclosures and written discovery and the scheduling of depositions. However, for the reasons set forth above in Section II, despite the parties' best efforts, unanticipated scheduling issues have arisen that support a brief extension of thirty (30) days to conduct the remaining discovery in this case.

IV. **GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION**

The instant stipulation is submitted within the timeframe outlined by LR 26-3. The parties made every effort to complete discovery in the current time frame. However, through no fault of counsel, unanticipated scheduling issues have arisen that warrant a very brief extension of the discovery cut-off date in this matter.

V. **THE CURRENT SCHEDULE FOR COMPLETION OF ALL REMAINING DISCOVERY:**

The parties request that the pertinent discovery deadlines set forth in the Court's Scheduling Order be continued as follows:

A.   ESTIMATE OF TIME REQUIRED FOR DISCOVERY: Pursuant to Local Rule 26-1(b)(1), and with the Court's approval, discovery shall be completed on or before **January 30, 2025**.

B.   DISPOSITIVE MOTIONS: Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty-two (32) days after the discovery cut-off date, but not later than **March 3, 2025**.

/ / /

/ / /

/ / /

/ / /

JOINT MOTION FOR A 30-DAY CONTINUANCE OF FACT DISCOVERY CUT-OFF TO FACILITATE FACT DEPOSITION SCHEDULING CONFLICTS (SECOND DISCOVERY EXTENSION REQUEST)
CASE NO. 2:24-cv-23-RFB-NJK

D. PRETRIAL ORDER: Unless otherwise stated herein, and the Court so orders, the joint pretrial order shall be filed thirty (30) days after the date set for filing dispositive motions, but not later than **April 2, 2025**.

DATED this 5th day of December, 2024

        BOWEN LAW OFFICES

By     */s/ Jerome R. Bowen*
    Jerome R. Bowen, Esq., Nevada Bar No. 4540
    Attorneys for Plaintiff

DATED this 5th day of December, 2024

    McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By     */s/ Jonathan W. Carlson*
    Jonathan W. Carlson, Esq., Nevada Bar No. 10536
    Mandy Vogel, Esq., Nevada Bar No. 16150
    Attorneys for Defendant GEICO CHOICE INSURANCE COMPANY

**IT IS SO ORDERED.**

DATED this 6th day of December, 2024

_____
UNITED STATES MAGISTRATE JUDGE

10662319.1