# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WORTHAMS,<br>    Plaintiff,<br>v.<br>GEICO CHOICE INSURANCE COMPANY, *et al.*,<br>    Defendants. | Case No. 2:24-cv-00023-RFB-NJK<br><br>**Order** |

Pending before the Court is Plaintiff's motion to seal an exhibit filed in conjunction with his reply. Docket No. 107. Defendants did not file a response. *See* Docket.

Plaintiff submits that this exhibit "contains information designated as confidential information by counsel for Defendant GEICO under the protective order previously entered by this Court." Docket No. 107.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. **All motions to seal must address the applicable standard and explain why that standard has been met**. The fact that a court has entered a blanket protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also* Docket No. 31 at 3-4.

This Court has specifically ordered that, if the sole ground for a motion to seal is that the opposing party has designated a document as confidential, the designator must file, within seven days of the filing of the motion to seal, "either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice." Docket No. 71 at 2. Defendant GEICO has failed to comply with the Court's order.

As such, Defendant GEICO is **ORDERED** to file a response by February 3, 2025. If Defendant GEICO fails to file a response fully addressing the applicable standards, the Court may order the subject materials unsealed.

IT IS SO ORDERED.

Dated: January 30, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2