UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| WILLIE WORTHAMS, | Case No. 2:24-cv-00023-APG-NJK |
|---|---|
| Plaintiff, | **Order** |
| v. | [Docket No. 107] |
| GEICO CHOICE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to seal an exhibit filed in conjunction with his reply to his motion to compel. Docket No. 107. Defendant Geico Choice Insurance Company ("GEICO") filed a response. Docket No. 109.

There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties seeking to keep secret from the public documents filed in relation to non-dispositive motions must make a "particularized showing" of "good cause." *Id*. at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel in motion practice." *Henderson v. Aria Resort & Casino Holdings*, LLC, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL

1

2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The exhibit at issue contains select pages from Defendant GEICO's confidential claim file. Docket No. 104. Plaintiff submits that this exhibit "contains information designated as confidential information by counsel for Defendant GEICO under the protective order previously entered by this Court." Docket No. 107 at 2. Defendant GEICO submits that the excerpt from its claims file includes "personal information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular individual or household." Docket No. 109 at 2. Specifically, the exhibit contains; (1) the GEICO policy number, (2) policyholder name, (3) claim number, (4) telephone number(s) for non-parties and current witnesses, (5) email addresses, and (6) information concerning GEICO's reserves. *Id*. at 2-3. Defendant GEICO further submits that these claims notes include internal details of its internal claims handling process. Docket No. 109-1 at 3.

There is a basic, threshold problem with Defendant GEICO's request to seal. While the pending motion and attached declaration indicate that the information is sensitive and confidential, Defendant GEICO's conduct in this case is contrary to that assertion. In particular, Defendant GEICO filed on the record the GEICO policy number, Docket No. 1-2 at 4, the policyholder's

name, Docket No. 1 at 2, and one of the telephone numbers,[1] Docket No. 97-12 at 58. Such conduct is antithetical to Defendant GEICO's contention that secrecy of the information is warranted and defeats its argument that good cause exists to seal the exhibit. As a practical matter, the Court may lack the power to make secret information that is already public. *See, e.g.*, *Victory Sports & Entertainment, LLC v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting cases).

Further, Defendant GEICO has not provided a reasonable explanation as to why the entirety of the exhibit must be sealed, rather than merely redacting the information that is properly redacted. The Court finds that redaction of that information can be easily accomplished, especially when there are already parts of the exhibit that are redacted, leaving the remainder of the exhibit publicly available.

Accordingly, the motion to seal is **DENIED**. Docket No. 107. The Clerk's Office is **INSTRUCTED** to strike the document at Docket No. 104. Plaintiff is hereby **ORDERED** to file on the public docket, no later than March 3, 2025, a redacted version of the exhibit.

Dated: February 24, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[1] The other phone number, Docket No. 104 at 5, is already publicly available. The Court takes judicial notice of the State Bar of California website, which lists Mr. Konnell's phone number. *See Daniel-Halls v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of government websites).