# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Willie Worthams,

     Plaintiff,

v.

GEICO Choice Insurance Company, et al.,

     Defendants.

Case No. 2:24-cv-00023-RFB-NJK

**Order**

[Docket Nos. 162, 178]

Pending before the Court is Defendant GEICO Choice Insurance Company's motion to compel. Docket No. 162. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 162, 170, 175. Also pending before the Court is Defendant's motion for leave to file a supplemental brief in support of its motion to compel. Docket No. 178. No response was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I.      BACKGROUND

Defendant seeks to compel Plaintiff to produce a corporate representative to testify to its third amended deposition notice in a deposition limited to 3.5 hours; provide complete responses to Interrogatory Nos. 3 and 8; and produce all documents that demonstrate its purported lost profits in response to Request for Production No. 11. *See* Docket No. 94. Defendant additionally asks the Court to award attorneys' fees and costs and to extend the dispositive motion deadline. *See id*.

## II.     STANDARDS

A nonparty may be compelled to produce documents pursuant to the dictates of Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c). Compliance with a Rule 45 subpoena for the production of documents involves overlapping duties. One requirement entails the actual search for documents. A nonparty subpoena may require the production of identified categories of documents in the subpoenaed person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii); *see also In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). A

1

person subpoenaed for the production of documents is under an affirmative duty to seek that information reasonably available to her. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). This duty is discharged through the formulation and completion of a reasonable search conducted with due diligence. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012); *see also St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 639 (D. Or. 2015). "[A]n earmark of a recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have retained in the ordinary course of its business." *Meeks v. Parsons*, 2009 WL 3003718, at *4 (E.D. Cal. Sept. 18, 2009).

The case law addressing these requirements arises most frequently in the context of a request for documents from a party made under Rule 34 of the Federal Rules of Civil Procedure. Courts routinely apply the same standards for a nonparty responding to a subpoena for documents served under Rule 45 of the Federal Rules of Civil Procedure. *See Meeks*, 2009 WL 3003718, at *3-4; *see also St. Jude Medical*, 305 F.R.D. at 639; *Toranto v. Jaffurs*, 2018 WL 4613149, at *2-3 (S.D. Cal. Sept. 26, 2018); *Sci. Games Corp. v. AGS LLC*, 2017 WL 3013251, at *2 (D. Nev. July 13, 2017); *Sol v. Whiting*, 2014 WL 12519787, at *3 (D. Ariz. Sept. 9, 2014).

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion

in deciding relevancy for discovery purposes.[1]  *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015).  To be permissible, discovery must be "relevant to any party's claim or defense."  *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly.  *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

A subpoenaed person is deemed to have control over documents if she has a legal right to obtain them.  *See Clark v. Vega Wholesale, Inc.,* 181 F.R.D. 470, 472 (D.Nev. 1998).  A person responding to a document request "'cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.'"  *Meeks,* 2009 WL 3003718, at *4 (quoting *Gray v. Faulkner,* 148 F.R.D. 220, 223 (N.D.Ind.1992)).

When no responsive documents are found or a dispute arises out of the completeness of the production that is made, the subpoenaed person must come forward with an explanation of the search conducted "with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence."  *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366–67 (D. Nev. 2019) *Rogers*, 288 F.R.D. at 485.  Information regarding the search conducted should be provided through a declaration under oath detailing the nature of the efforts to locate responsive documents.  *Meeks*, 2009 WL 3003718, at *4.  Such declaration must address the inquiry made on a request-by-request basis.  *A. Farber & Partners*, 234 F.R.D. at 190.

A subpoenaed person "claiming undue burden or expense ordinarily has far better information - perhaps the only information - with respect to that part of the determination."  Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015).  See also *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016).  As a result, it has long been clear that a party claiming that discovery imposes an undue burden must "allege

_____

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g., F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D.Nev.1997). Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D.Nev. 2006).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

4

### III.   ANALYSIS

Defendant asks the Court to compel non-party Everett to comply with Request 1 of the subpoena and produce all text messages between her and Markeia Monea Stamps, from November 12, 2026, to the date of the subpoena. Docket No. 162 at 23. Defendant further asks the Court to compel Everett to produce "all documents responsive to Requests 2 through 8 of the subpoena" *Id*. at 25. If Everett has no additional documents responsive to these requests, Defendant asks the Court to compel her to submit "a declaration under oath "'detailing the nature of the efforts to locate responsive documents … on a request-by-request basis with sufficient specificity to allow the Court to determine whether [she] made a reasonable inquiry and exercised due diligence." *Id*. (internal citation omitted).

Everett, in response, submits that she was not properly served and that Nevada is not the proper court in which to resolve this dispute. Docket No. 170 at 8-9. She further submits that she has limited access to technology, has complied with the subpoena, and further compliance would constitute undue burden. *Id*. at 12-16.

This motion was transferred to this Court and, therefore, the Court denies Everett's argument regarding proper forum. *See also* Fed.R.Civ.P. 45. Further, the Court finds that she has been served with the subpoena. Finally, the Court finds that Everett has not met her burden under the caselaw of demonstrating that she properly did not provide the requested documents and of undue burden.[2]

### IV.   CONCLUSION

IT IS ORDERED that the motion to compel is **GRANTED**. Docket No. 162.

IT IS FURTHER ORDERED that, no later than **April 15, 2026**, Ms. Everett must provide responses to Requests 1-8 of the subpoena. If she has no further documents responsive to these requests, Ms. Everett must submit a declaration under oath – on a request-by-request basis – that details with specificity the nature of her efforts to locate responsive documents.

. . . .

---

[2] The Court has carefully reviewed all filings. Any argument not discussed in this order has been considered and denied.

IT IS FURTHER ORDERED that Defendant's motion for leave to file is **GRANTED** as unopposed.  Docket No. 178.

IT IS SO ORDERED.

Dated: April 1, 2026

_____
Nancy J. Koppe
United States Magistrate Judge